INLAND REAL ESTATE CORPORATION *et al.,* Plaintiffs-Appellants, v. THE VILLAGE OF PALATINE *et al.,* Defendants-Appellees.

First District (5th Division) Nos. 87—2558, 87—3075 cons.

Opinion filed February 17, 1989.

Robert J. Zotti, of Oak Park, for appellants.

Bradley Glass, of Glass, Hill, Dallmeyer & Roth, Ltd., of Northbrook, and Gerald W. Shea and Ira A. Rogal, both of Shea, Rogal & Associates, Ltd., of Westchester, for appellees.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs-appellants are a class of residents who were residing outside the defendant Village of Palatine (Village) in 1981 when the Village bought the Ferndale Heights Utility Company (Ferndale), which had been providing water and sewer services to plaintiffs. Plaintiffs subsequently brought a class action challenging the increased rates charged to them by the Village for water, sewer, tap-ons, and meter services. Nonresidents were charged a combined water and sewer rate of $6.23 per 1,000 gallons of water while Village residents were charged considerably less.

Initially, the trial court found that jurisdiction as to the reasonableness of the rates was with the Illinois Commerce Commission, a finding later reversed by this court in *Inland Real Estate Corp. v. Village of Palatine* (1982), 107 Ill. App. 3d 279, 437 N.E.2d 883. On July 16, 1984, after an extensive trial with numerous witnesses and exhibits, Judge Albert Green entered an 80-page order finding, among other things, that the water rates charged by the Village were unreasonable and discriminatory as to the plaintiff class. The court set a reasonable rate of $3.45 per 1,000 gallons to be retroactively applied from October 19, 1981.

Cross-appeals were filed, and this court affirmed the trial court but remanded the matter, finding that the trial court did not resolve plaintiffs' contentions that specific rates should have been set for sewer, tap-ons, and meter services. (*Inland Real Estate Corp. v. Village of Palatine* (1986), 146 Ill. App. 3d 92, 496 N.E.2d 998 (*Inland II*).) Pending the appeal in *Inland II*, this court entered a stay of enforcement of the trial court's order.

On remand of *Inland II* to the trial court, the Village filed a motion for an order resolving its rates for sewers, tap-ons, and meter services. Plaintiffs responded and requested that an evidentiary hearing be held on the matter, and also requested post-judgment interest on the water rate refunds. Both sides submitted supporting memoranda. In July 1987, the trial court granted the Village's motion, and later in August, denied plaintiffs' petition for interest. No evidentiary hearings were held. Plaintiffs then brought this appeal alleging that the trial court erred in denying post-judgment interest and in granting the Village's motion regarding sewer rates, tap-ons, and meter charges without an evidentiary hearing.

We affirm the trial court for the following reasons.

■ First, with respect to the interest issue, there are several reasons for affirming the trial court's denial thereof. The allowance of in-

terest in a chancery case is within the sound discretion of the trial court and is allowed where warranted by equitable considerations and is disallowed if such an award would not comport with justice and equity. (*Galler v. Galler* (1975), 61 Ill. 2d 464, 336 N.E.2d 886.) And, a trial court's determination as to the awarding of interest will not be set aside absent an abuse of discretion. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12.) There is no such abuse shown in the present case.

 █ In order to justify an award of interest, the amount of money to be paid must be certain and the judgment debtor must have enjoyed the improper use of the money for the period for which interest is claimed. (*Lincolnland Properties, Inc. v. Butterworth Apartments, Inc.* (1984), 128 Ill. App. 3d 673, 470 N.E.2d 639.) We find neither condition present here. Much of plaintiffs' argument in support of post-judgment interest concerns the Village's alleged inequitable conduct prior to Judge Green's 1984 order. However, prejudgment interest had already been denied and was affirmed by this court. In addition, we are concerned that the question of post-judgment interest was never mentioned until after remand of this cause in *Inland II*. If, as plaintiffs claim, the 1984 order was a money judgment with a sum certain, it appears that a request for interest should have been included in their post-trial motion instead of waiting until after the cause was remanded for resolution of sewer rates and tap-on and meter services.

As to the certainty of the sum, the record indicates that, at the time the present appeal was filed, the parties were still attempting to agree on a procedure whereby it could be determined to whom the Village owed money and who owed the Village, and the relevant sums involved. The trial court did state that if the parties could agree on sums owed and a disbursement procedure, it would order interest to be paid from the date of the refund order. Thus, if the procedure to determine the sum was not yet established, then we cannot say that there was yet a sum certain.

Also, there is no evidence that the Village has enjoyed improper use of the money owed. Shortly after the entry of the 1984 order, the Village tendered compliance by submitting a suggested refund and deficiency procedure and requested a judgment. Plaintiffs objected to the Village's petition. Admittedly, the subsequent appeal (*Inland II*) and stay would not have affected any interest granted, but the stay of enforcement entered by this court at the Village's request is otherwise relevant. In a complex rate case such as this with a voluminous record, it is certainly possible that the $3.45 per 1,000 gallon rate set by the trial court could have been modified after the appeal, resulting in fur-

ther complications had the money been disbursed. A stay of enforcement was a logical procedure to forestall such problems. Therefore, it cannot be said that the Village, as a result of the granting of its motion to stay, had improper use of the funds for rebate, which funds have never been set aside in a separate account. The Village acted properly in requesting such a stay so as to protect itself from being mired in confusion had it paid rebates before the rate was certain.

Accordingly, we find no abuse of discretion in the trial court's denial of post-judgment interest.

■ We must also affirm the trial court's order granting the Village's motion to resolve the rates for sewers, tap-ons and meter services. This court in *Inland II* did not reverse the trial court; it affirmed the court's order but remanded the cause since "the trial court did not decide plaintiffs' contentions concerning Palatine's rates for sewers, tap-ons and meter services. Therefore, this cause must be remanded for a resolution of these issues." (*Inland*, 146 Ill. App. 3d at 99, 496 N.E.2d at 1003.) Absent specific directions, the appellate court's opinion determines what further proceedings are proper and consistent with its opinion. (*Pecyna v. Industrial Comm'n* (1986), 149 Ill. App. 3d 97, 500 N.E.2d 548.) Here, there were no instructions to the trial court to the effect that a hearing should be held for the purpose of taking additional evidence, nor can we discern any reasons for such a hearing.

In his 80-page order of 1984, Judge Green noted that the court had heard 27 witnesses, viewed 155 exhibits, and reviewed numerous briefs and memoranda in reaching its conclusions. In the finding of facts portion of that order, the trial court found that the Village could impose tap-on and meter fees for water and sewer users outside of the Village and that there was no guarantee that the rates would remain unchanged. The court also found that the charges for water meters and tap-ons were not proved to be unreasonable. However, these findings, although part of the 80-page order, were not reiterated in the conclusions of law and order segments of the order. Included in the order segment was the conclusion: "However, Palatine's water and sewer rate ordinances do unlawfully discriminate against the plaintiffs." But it is quite apparent, when reading the entire order, that the court held the water rates to be discriminatory but found that no evidence was presented regarding the other rates at issue in the present case. Furthermore, the record supports the determination made by the trial court on remand that "during the trial of this case, plaintiffs failed to sustain their burden of proving that the charges for water tap-ons and meter services and sewer rates were unreasonable or arbitrary."

On remand, the trial court received briefs and memoranda on the issue, after which it noted that it had discretion to either hear new evidence or to render an order based on the evidence already received. The court then proceeded to "complete" its 80-page order by stating, "[t]he Plaintiff Class has failed, woefully failed, to show that the sewer charges, tap-on fees and meter charges as charged by Palatine pursuant to their ordinance [were] unreasonable. There was no evidence to that effect."

Considering the trial court's findings in 1984, its admitted familiarity with the evidence, and the more recent briefs submitted by both parties, we find no abuse of discretion in the trial court's failure to hold an evidentiary hearing.

Plaintiffs contend that since the Village sought approval of an ordinance passed after conclusion of the 1984 trial, a new hearing should be held. This litigation, commenced in 1981, must come to an end sometime. Plaintiffs appear to want "two bites of the apple." They had a chance in the first trial to produce evidence on the matter, and now, after having failed to sufficiently do so, would like to try again. The new ordinance argument is without merit.

The record clearly indicates that the issue of the contested charges has been conclusively decided. At the close of the 1984 trial, plaintiffs' counsel stated that he would stand on the evidence regarding the tap-on and meter charges. In addition, in their appellate brief for *Inland II*, plaintiffs challenged Judge Green's finding that the contested charges were not unreasonable. Thus, this court was aware of the included findings when it affirmed the trial court's order. Furthermore, the record does support the trial court's 1987 conclusion that the sewer rates and meter and tap-on charges were not proved to be unreasonable. Having failed in their first attempt to establish the unreasonableness of the charges, we do not consider it appropriate to now order what, in essence, would be a new trial on the rates charged by the Village in 1985-86, which is the evidence plaintiffs wish to present at an evidentiary hearing. We therefore must affirm the trial court's granting of the Village's motion for an order resolving its rates for sewers, tap-ons and meter services without an evidentiary hearing.

Affirmed.

PINCHAM and COCCIA, JJ., concur.